UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWANA SELESTAN,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2386** |
| **PORTIER, LLC, ET AL.,**<br>     **Defendants** | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiff Dwana Selestan.[1] Defendant United Financial Casualty Company ("UFCC") filed a response in opposition.[2]

### BACKGROUND

On May 10, 2023, Plaintiff Selestan filed an amended petition for damages in the Civil District Court for the Parish of Orleans asserting claims under Louisiana state tort law related to personal injury suffered after she was involved in a traffic accident on May 10, 2022.[3] In the Amended Petition, Plaintiff alleges that Brittany Randolph negligently failed to stop at her designated stop sign near the intersection of North Robertson Street and Louisa Street in New Orleans and collided with Plaintiff's vehicle.[4] Plaintiff seeks to hold Randolph liable for damages resulting from the accident, jointly and *in solido* with Defendant UFCC.[5]

---

[1] R. Doc. 70.
[2] R. Doc. 75.
[3] R. Doc. 2-2.
[4] *Id.* at pp. 2-3.
[5] *Id.* at pp. 3-4. On April 4, 2024, the Court granted Plaintiff's *ex parte* motion to dismiss with prejudice Defendants Old American Indemnity Company and Bluefire Insurance Services a/k/a Aggressive Insurance Services, in their capacity as Brittany Randolph's automotive liability insurers, and Defendant Brittany Randolph from any personal excess exposure. R. Doc. 43. Plaintiff reserved her rights to claims against Defendants Portier, United Financial Casualty Company, and Brittany Randolph in her capacity as an insured or employee. *Id.* On June 6, 2024, the Court granted summary judgment in favor of Portier, LLC,

1

On July 10, 2023, the action was timely removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[6] On September 21, 2023, the Court issued a Scheduling Order, which provided to the parties notice that the deadlines set forth therein are "not 'suggestions' but <u>firm</u> deadlines which will be strictly enforced."[7] Relevant to the instant Motion for Reconsideration, the Scheduling Order required that "[a]ll non-evidentiary pretrial motions . . . be filed and served not later than May 7, 2024."[8]

On May 23, 2024, Plaintiff filed a Motion for Partial Summary Judgment.[9] The Court's Order and Reasons issued on May 29, 2024 (the "May 29 Order") denied that motion as untimely for "fail[ing] to comply with the relevant deadline expressed in the Scheduling Order."[10] Plaintiff now moves the Court to reconsider the May 29 Order.[11]

## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of interlocutory rulings.[12] Under Rule 54(b), "any order that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."[13] Generally, courts in this district evaluate motions to reconsider interlocutory orders under the same standards as those governing motions to alter or amend final judgments brought pursuant to Rule 59(e).[14]

---

finding Randolph was an independent contractor and that Portier could not be vicariously liable for her allegedly negligent acts as a matter of law. R. Doc. 74.
[6] R. Doc. 2.
[7] R. Doc. 22 at p. 1 (emphasis in original).
[8] *Id.* at pp. 4, 9.
[9] R. Doc. 62.
[10] R. Doc. 66.
[11] R. Doc. 75.
[12] *See, e.g., Muslow v. Bd. of Supervisors*, 19-11793, 2021 WL 3566302, at *2 (E.D. La. Aug. 12, 2021).
[13] FED. R. CIV. P. 54(b).
[14] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").

Courts have considerable discretion when evaluating the merits of a Rule 59(e) motion.[15] To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,] [which] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[16] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[17] Courts in this district consider the following factors when applying Rule 59(e) standards:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[18]

"Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires."[19] "The district court must exercise this broad discretion sparingly, however, to forestall the perpetual reexamination of orders and the resulting burdens and delays."[20]

---

[15] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).
[16] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[17] *Lacoste v. Pilgrim Int'l*, 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[18] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[19] *Muslow*, 2020 WL 4471160, at *5 (citations omitted) (internal quotation marks omitted).
[20] *Tonti Management Co., Inc. v. Soggy Doggie, LLC*, 19-13134, 2020 WL 9172035, at *6 (E.D. La. Aug. 13, 2020). *See also  Lightfoot*, 2012 WL 711842, at * 3 ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d 690,

3

## **LAW AND ANALYSIS**

Plaintiff Selestan's Motion for Reconsideration urges the Court to reconsider the May 29 Order denying her Motion for Partial Summary Judgment as untimely.[21] Rather than arguing this Court should reconsider the interlocutory order under the relevant standard, Plaintiff offers only excuses for her failure to comply with the Court's Scheduling Order and requests a post hoc extension of the deadline to file her pretrial motion on the basis of "good cause."[22] The Court finds these arguments unpersuasive.

First, Plaintiff contends the Scheduling Order "lent itself to differing interpretations and did not clearly state the Court's intent to amend the deadline for summary judgment motions set forth in Federal Rule of Civil Procedure 56(b)."[23] In opposition, Defendant UFCC responds that "[t]here is no ambiguity in the Scheduling Order[,] [as] immediately following the May 7, 2024 deadline to file pre-trial motions is a bold paragraph discussing the requirements of a Motion for Summary Judgment."[24] The Court agrees with the Defendant that there is no ambiguity in the Scheduling Order—the Court has used this template for over a decade and this is the first time a litigant has expressed confusion with respect to the pretrial motion deadline expressed therein.

In the alternative, Plaintiff argues that good cause exists to modify the Scheduling Order and that hearing Plaintiff's Motion for Partial Summary Judgment on the merits "presents an opportunity for the Court to determine an important issue in this case,

---

693 (M.D. La. 2016) ("A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent.").
[21] R. Doc. 70.
[22] R. Doc. 70-1 at pp. 4-5.
[23] *Id.* at p. 2. Rule 56(b) provides: "*Unless a different time is set by local rule or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b) (emphasis added).
[24] R. Doc. 75 at p. 1.

4

insurance coverage, prior to trial, conserving important judicial resources."[25] In response, the Defendant contends Plaintiff's Motion for Reconsideration should be denied because "good cause" is not the relevant standard for reconsideration of interlocutory orders.[26] The Court agrees with the Defendant on this point as well. Evaluating Plaintiff's Motion for Reconsideration under the relevant standard, the Court finds that Plaintiff has failed to present new evidence or demonstrate the motion is necessary to correct manifest errors of law or fact or prevent manifest injustice, or that the motion is justified by an intervening change in law.[27]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff Selestan's Motion for Reconsideration is **DENIED**.[28]

**New Orleans, Louisiana, this 13th day of June, 2024.**

                    _____
                         **SUSIE MORGAN**
                **UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. 70-1 at p. 5.
[26] R. Doc. 75 at p. 2.
[27] *See Castrillo*, 2010 WL 1424398, at *4.
[28] R. Doc. 70.